UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                     :        Chapter 13

THOMAS MEISTER                            :

    Debtor                            :        Bankruptcy No. 10-18011

................................................

ORDER

................................................

AND NOW, this 23rd day of April 2012, the above-captioned debtor having filed a voluntary petition in bankruptcy under chapter 13 on September 17, 2010. The debtor was represented by counsel,

And on February 10, 2011, the standing chapter 13 trustee, William C. Miller, Esq., filed a motion to dismiss this chapter 13 case. As the debtor had filed two prior unsuccessful chapter 13 cases, docketed as Bankr. Nos. 09-14583 and 09-18797, the trustee sought dismissal with a bar against future bankruptcy filings,

And on March 8, 2011, the trustee's motion was granted without written opposition from the debtor, and for the reasons stated in open court at the hearing held. Accordingly, the debtor was barred from filing future bankruptcy cases without obtaining prior court approval. See, e.g., 11 U.S.C. §§ 105(a), 349(a); In re Casse, 198 F.3d 327 (2d Cir. 1999); In re Sweet, 2006 WL 1548622 (D.R.I. 2006); Haines v. Miller, 2004 WL 1987218 (E.D. Pa. 2004); In re Callahan, 2004 WL 350753, at *4 (E.D. Pa. 2004); In re

Hamer, 2000 WL 1230496 (E.D. Pa. 2000); In re Narod, 138 B.R. 478, 484 (E.D. Pa. 1992),[1]

And on April 19, 2012 at 2:12 p.m., the debtor, pro se, handed a document into the office of the bankruptcy court clerk. The document stated in part: "I am refiling on an emergency basis to save my home." See docket entry #58. Although the document mentioned an upcoming scheduled sheriff sale based upon mortgage foreclosure, this document did not disclose the date that such sale was to occur. Nor did the document explain how the debtor planned to reorganize under chapter 13 to save his home, given his three prior unsuccessful reorganization efforts. Moreover, this document was not served on any party, such as the chapter 13 trustee or counsel for the mortgagee,

And shortly after this document was given to an employee of the court clerk, the debtor left the courthouse. He later telephoned the clerk's office on April 19th and was informed of the aforementioned defects,

And the debtor, pro se, then placed another document in the district court "night box" at 1:31 a.m. on April 20th, which document was delivered to the bankruptcy court clerk on April 20, 2012 and docketed at 11:42 a.m.,

And this second document repeated the debtor's intention to file bankruptcy to prevent a foreclosure sale and attached the first page of a state court notice informing the debtor of a foreclosure sale scheduled for April 20, 2012 at 11:00 a.m. This second document submitted by the debtor still did not explain how the debtor was to reorganize if

---

[1] The debtor's bankruptcy schedules listed ownership of two real properties. At the time the trustee's motion was granted, a secured creditor of each of these two properties had filed a motion seeking to terminate the bankruptcy stay owing to the debtor's failure to tender postpetition payments. One motion was settled with the debtor promising to catch up on his missed payments. The other motion was granted by default.

leave to file a fourth chapter 13 petition were granted. Nor was it served upon any party in interest,

And leave to file another chapter 13 case is an issue committed to court discretion, and should only be granted where the proposed additional bankruptcy filing would be in good faith. See, e.g., Haines v. Miller, 2004 WL 1987218 (E.D. Pa. 2004). Demonstration of good faith requires the former debtor to prove that there has arisen a substantial change in material circumstances rendering it likely that the debtor can now successfully reorganize under chapter 13,

> As I observed in In re Lee, 2007 WL 1650577 (Bankr. E.D. Pa. 2007):
>
> [W]hile the Bankruptcy Code does not contain any express limitation on refiling a bankruptcy case after another is dismissed, many courts have recognized that it is inappropriate for a debtor to file another bankruptcy reorganization case (under chapters 11, 12 or 13) after dismissal of an earlier one for non-performance, unless there has been a material change of circumstances which demonstrates that the second (or later) reorganization attempt now has a possibility of success after the first had failed. See Haines v. Miller, 2004 WL 1987218, at *3; see generally, e.g., Matter of Elmwood Development Co., 964 F.2d 508 (5th Cir. 1992); In re Chisum, 847 F.2d 597 (9th Cir.), cert. denied sub nom., Mortgage Mart, Inc. v. Rechnitzer, 488 U.S. 892 . . . (1988); In re Johnson, 708 F.2d 865 (2d Cir.1983); In re Oglesby, 158 B.R. 602, 606 (Bankr. E.D. Pa. 1993) ("A genuine change in circumstances may justify a debtor's multiple filings"); In re McKissie, 103 B.R. 189, 192 (Bankr. N.D. Ill. 1989). Therefore, when there are successive reorganization bankruptcy filings without any material changes in circumstances, the repeat filing is generally viewed to be in "bad faith." E.g., Matter of Elmwood Development Co., 964 F.2d at 511-12; Haines v. Miller, 2004 WL 1987218, at *3; compare In re Barrett, 964 F.2d 588, 592 (6th Cir. 1992) (change in circumstances made the debtor's successful reorganization extremely likely and the filing undertaken in good faith). Since the first filing has been unsuccessful, there is little reason for a debtor to believe that the second will yield any different result. See In re Oglesby, 158 B.R. at 606 ("The

3

> bankruptcy court must concern itself with whether the debtor is merely trying to frustrate the statutory requirements through a strategy of successive filings in an attempt to abuse the bankruptcy process.").
>
> Indeed, serial or successive bankruptcy filings may be evidence of misuse of the bankruptcy process, intended only to forestall the foreclosure efforts of a secured creditor, and, therefore, not filed in good faith. See, e.g., In re Huerta, 137 B.R. 356, 367 (Bankr. C.D. Cal. 1992). The "kind of 'changed circumstances' required to justify a successive filing must be positive changes" reflecting on the debtor's ability to successfully reorganize under chapter 13. Id. at 368. Moreover, when an individual has filed many failed reorganization cases, as in this instance, the evidence needed to demonstrate a material change in circumstances supporting a reasonable possibility of reorganization grows heavier. See In re LeGree, 285 B.R. 615, 620 (Bankr. E.D. Pa. 2002). Typically, the mortgage delinquency—threatened foreclosure is the typical reason for the chapter 13 bankruptcy filings— has increased with each unsuccessful effort, due to continued missed payments and additional execution costs and fees. Moreover, the serial filer may have abused the system with prior bad-faith filings and that conduct must be considered as part of the totality of the circumstances. See id.
>
> In determining whether bad faith filing exists, the bankruptcy court has the discretion to reach the appropriate result in a particular case based upon all of the circumstances. See In re Lilley, 91 F.3d at 496; Matter of Love, 957 F.2d 1350, 1354 (7th Cir. 1992); Haines v. Miller, 2004 WL 1987218, at * 3; In re Mazzocone, 180 B.R. 782 (E.D. Pa. 1995). Similarly, the decision whether to grant relief under Rule 60(b)(5) is also committed to court discretion. See generally Agostini v. Felton, 521 U.S. 203, 238 . . . (1997); Prudential Ins. Co. of America v. National Park Medical Center, Inc., 413 F.3d 897, 903 (8th Cir. 2005).

Id., at *6-*7 (parallel citations omitted),

> And, moreover,
>
> [a]lthough a bankruptcy court has the general power to modify previously issued injunctions . . . , the exercise of that equitable power must also give consideration to interests of finality embodied in res judicata. See generally In re

4

> Crofford, 277 B.R. 109, 113 (B.A.P. 8th Cir. 2002) ("Rule 60 is not available to rehash matters already decided nor to advance new legal theories which could have been raised in the original motion; rather it is available only where one of the grounds set forth in the rule is established."). This is accomplished by recognizing that the party seeking relief has the burden of persuasion, and that there has been a substantial change in circumstances, either factually or legally, that justifies relief.

Id., at *7,

And therefore Mr. Meister has now the burden of meeting this standard of material changed circumstances, made more difficult owing to his three previous unsuccessful filings. See generally In re Mullock, 404 B.R. 800 (Bankr. E.D. Pa. 2009) (Frank, B.J.):

> Finally, I cannot ignore this case's historical context. Were this the Debtor's first attempt at reorganization, I might accept more easily the Debtor's very optimistic income projections at this early stage of the case, particularly in the absence of a vigorous challenge to their reliability by Emigrant. However, the proposition that the debtor need not make a detailed showing regarding plan feasibility in defending a § 362(d)(2) motion prior to confirmation has less force when there was a prior failed reorganization attempt. See In re Elliott-Cook, 357 B.R. 811, 815 (Bankr. N.D. Cal. 2006) (cited in In re Ferguson, 376 B.R. 109, 121 (Bankr. E.D. Pa. 2007)) (observing that the court must consider why prior reorganization effort(s) failed and what has changed to make present effort likely to succeed). If there has been a long history of financial default and one or more prior failed reorganization attempts, "the evidence needed to demonstrate a material change in circumstances supporting a reasonable possibility of reorganization grows heavier." In re Dawson, 2007 WL 4190772, at *3 (Bankr. E.D. Pa. Nov. 20, 2007).

Id., at 809 (footnote omitted),

And to the extent that the sheriff sale has not already occurred, which sale would likely foreclose the debtor's ability to save his real property from foreclosure with

5

a chapter 13 petition, see 11 U.S.C. § 1322(c)(1), and to the extent the debtor still seeks leave to file another chapter 13 petition, his failure to provide any explanation of a material change in circumstances that would make a bankruptcy reorganization possible, along with lack of notice to interested parties, makes his current request defective,

Accordingly, it is hereby ordered that the debtor's request for leave to file another chapter 13 petition is denied without prejudice.

_____
BRUCE FOX
United States Bankruptcy Judge

copies:

Mr. Thomas Meister
23 Chester Avenue
Clifton Heights, PA 19018

William C. Miller, Esq.
Chapter 13 Trustee
111 South Independence Mall, Suite 583
Philadelphia, PA 19106

Chandra M. Arkema, Esquire
Udren Law Offices, P.C.
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, New Jersey 08003

Andrew F. Gornall, Esquire
Goldbeck McCafferty & McKeever
Suite 5000 - Mellon Independence Center
701 Market Street
Philadelphia, PA 19106